Daniel EXCELLENT, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Tom Ridge, Secretary of the Department of Homeland Security, Michael Garcia, DHS Assistant Secretary for the Bureau of Immigration and Customs Enforcement, Edward McElroy, District Director of the New York District, Bureau of Immigration and Customs Enforcement, Respondents.

No. 04 Civ. 9748(VM).

United States District Court, S.D. New York.

March 8, 2005.

Daniel Excellent, New York City, Pro se.

## DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Daniel Excellent ("Excellent"), a lawful permanent resident currently confined in Texas facing deportation, has filed a petition for a writ of habeas corpus and Application to Show Cause (collectively, the "habeas petition") pursuant to 28 U.S.C. § 2241 challenging his final order of deportation and his detention. The petition names as respondents John Ashcroft ("Ashcroft"), Attorney General of the United States, Tom Ridge ("Ridge"), Secretary of the Department of Homeland Security ("DHS"), Michael Garcia ("Garcia"), DHS Assistant Secretary for the Bureau of Immigration and Customs Enforcement ("BICE"), and Edward McElroy ("McElroy"), District Director of the New York District, BICE (collectively, the "Government").

The Government brought the instant motion to dismiss the habeas petition due to mootness and this Court's lack of jurisdiction to hear the petition. Because the Court finds that the deportation order serving as the basis for Excellent's petition has been vacated and, to the extent that Excellent's petition seeks to challenge the fact of his predisposition confinement, it fails to name the proper respondents, the Government's motion is granted.

## I. BACKGROUND [1]

The Government commenced deportation proceedings against Excellent, a Haitian national and lawful permanent resident, based on a 1992 drug conviction. The Immigration and Naturalization Service ("INS"), the predecessor agency to the BICE, filed that action in New York in February of 1995. Excellent sought relief from deportation under section 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c), but failed to attend a scheduled hearing in New York before an immigration judge ("IJ") on November 20, 1996. On that date, the IJ denied Excellent's requested relief and entered an order of deportation *in absentia.*

In February of 2004, the DHS arrested and detained Excellent in Utah, his state of residence at that time, on an outstanding immigration warrant. He has been detained by DHS since that date. Excellent filed the instant habeas petition on

---

1. The factual summary derives from the undisputed representations of the parties in their submissions.

December 10, 2004, while in DHS's custody in Louisiana. He is currently being detained in Texas.

On December 21, 2004, Excellent filed a motion with the Board of Immigration Appeals (the "BIA") to reopen his deportation proceedings based on agency regulations enacted since his original deportation proceedings. The BIA has, according to the representations of the Government and as undisputed by Excellent, granted Excellent's motion.

## II.  DISCUSSION

Broadly read, Excellent's petition seeks two separate forms of relief: review of his deportation order and release from confinement. While the challenge to present detention is mentioned only briefly in Excellent's petition, because the Court reads *pro se* petitioners' claims liberally, *see Perez v. Ashcroft*, No. 02 Civ. 10292, 2003 WL 22004901, at *2 n. 9 (S.D.N.Y. Aug. 25, 2003), the Court assumes he is challenging his detention pending a final decision in the deportation proceedings. *See also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Implicit in the right of self-representation is obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.").

The Court examines these separate claims for relief in turn.

**2.**  The Court notes that, should the BIA reaffirm its earlier deportation order upon reconsideration and Excellent then filed a subsequent petition with this Court, naming the proper parties, that challenged the renewed deportation order, the Government would be able to move only for change of venue to the jurisdiction in which Excellent is detained, not for dismissal of the petition on jurisdictional grounds. *See Garcia–Rivas v. Ashcroft*, No. 04 Civ. 292, 2004 WL 1534156 (S.D.N.Y. July 7, 2004) (denying motion to dismiss ha-

## A.  THE DEPORTATION ORDER

■ The Court finds merit in the Government's contention that Excellent's challenge to his deportation order is now moot and therefore outside the Court's subject matter jurisdiction.

When the BIA grants a motion to reopen, as it did here, the previous order of deportation is vacated. *See Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir.2004) ("[T]he grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings."); *Lopez–Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir.2002) ("The BIA's granting of the motion to reopen means there is no longer a final decision to review."). The question of the validity of the order of deportation that is the subject of Excellent's petition is therefore moot.

As moot questions are outside this Court's subject matter jurisdiction, this Court may not review the vacated order of deportation. *See Zapata v. INS*, 93 F.Supp.2d 355, 358 (S.D.N.Y.2000) ("Federal district courts do not have subject matter jurisdiction over moot cases."). Accordingly, this petition, to the extent that it challenges Excellent's deportation order, is dismissed without prejudice.[2]

## B.  PRESENT DETENTION

■ While the Court has found that Excellent's challenge to his deportation is

beas petition of deportable alien who was detained in Louisiana at the time petition was filed, but granting motion for change of venue to the Western District of Louisiana); *see also Rumsfeld v. Padilla*, —— U.S. ——, ——, 124 S.Ct. 2711, 2727, 159 L.Ed.2d 513 (2004) (Kennedy, J., concurring) (explaining that while a habeas petition must be brought against a prisoner's immediate custodian in the district where the custodian is located, the proper location is "best understood as a question of personal jurisdiction or venue").

moot, the same cannot be said for his challenge to his present detention: as the Government notes, Excellent remains in custody while deportation proceedings are pending. (Letter from David N. Kelley, United States Attorney, to the Court 1 (Jan. 14, 2005) (hereinafter, "Government Letter").) However, the rule governing "core" challenges to detention articulated in *Padilla,* —— U.S. at ——, 124 S.Ct. at 2711, is applicable in this instance, as Excellent's challenge to the fact of his detention alone, rather than to the merits of his deportation order, can only be read as a challenge to his present physical confinement.

█ Excellent filed this petition while detained in Louisiana; he is currently confined in Texas. (*See* Government Letter at 1.) Excellent does not contend that any of the named respondents directly control DHS facilities in either location, or that they have immediate physical control over him. Consequently, the Court is without habeas jurisdiction over Excellent's challenge to his present confinement.[3] *See Padilla,* —— U.S. at —— – ——, 124 S.Ct. at 2722–26 (concluding that the Southern District of New York could not adjudicate a habeas petition when the petitioner's immediate custodian was outside the jurisdiction of the court). Excellent's habeas petition under 28 U.S.C. § 2241, to the extent that it challenges his present confinement, is therefore dismissed without prejudice.

### III. *ORDER*

For the reasons stated above, it is hereby

ORDERED that the motion of respondents John Ashcroft, Attorney General of the United States, Tom Ridge, Secretary of the Department of Homeland Security ("DHS"), Michael Garcia, DHS Assistant Secretary for the Bureau of Immigration and Customs Enforcement, and Edward McElroy, District Director of the New York District, Bureau of Immigration and Customs Enforcement, to dismiss the petition for a writ of habeas corpus and deny the Application to Show Cause filed by petitioner Daniel Excellent ("Excellent") is granted; and it is further

ORDERED that Excellent's petition is dismissed without prejudice; and it is finally

ORDERED that the submission of the Government to the Court dated January 14, 2005 be placed on the public docket and made part of the record of this proceeding.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

█

---

3. This Court does not reach the question of whether, were Excellent presenting both a non-mooted challenge to his deportation and a challenge to his present detention, he *must* bring both in the venue of his present detention. The Court holds only that, to the extent that Excellent challenges his detention alone while *awaiting* a final decision in his deportation proceedings, he is required to file that petition in the district of his confinement, naming as respondent his immediate custodian, pursuant to 28 U.S.C. § 2241 and *Padilla,* —— U.S. at ——, 124 S.Ct. at 2711. Nor does the Court express an opinion on the merits of Excellent's challenge to his present confinement.