Alberto FREIRE, Petitioner,

v.

**Ray TERRY, Warden, Otero County Processing Center, Respondent.**

No. 10 Civ. 6311(VM).

United States District Court,
S.D. New York.

Dec. 20, 2010.

Kari Converse, Federal Public Defender, Albuquerque, NM, for Plaintiff.

Paige Messec, U.S. Attorney's Office, Albuquerque, NM, for Defendant.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Pro se petitioner Alberto Freire ("Freire") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") against respondent Ray Terry (the "Warden"), Warden of the Otero County Processing Center ("OCPC"), challenging Freire's continued detention by the United States Immigration and Customs Enforcement ("ICE") while removal proceedings against him are pending. For the reasons that follow, the Court finds that the Petition should be dismissed for lack of jurisdiction.

Freire was initially detained by ICE at OCPC, an ICE contract facility in New Mexico. Accordingly, he filed the Petition in the judicial district in which OCPC is located, which is the United States District Court for the District of New Mexico (the

"New Mexico Court"). On August 17, 2010, the Warden moved in the New Mexico Court to transfer the Petition to the Southern District of New York because Freire had been transferred from OCPC to the Varick Detention Facility ("Varick") in New York, New York. (Docket No. 12.) On August 20, 2010, the New Mexico Court granted the Warden's motion and transferred the Petition to the Southern District of New York, the judicial district in which Varick is located. (Docket No. 13.) However, seven months prior to that, in February 2010, ICE was finalizing plans to suspend the housing of detainees at Varick and to transfer all detainees housed there to the Hudson County Correctional Facility ("HCCF"), an ICE contract facility in New Jersey (and outside this judicial district). *See Monestime v. Reilly*, 704 F.Supp.2d 453, 456 (S.D.N.Y.2010). Thus, it is very likely that Freire was not housed at Varick on August 20, 2010, when the New Mexico Court transferred the Petition to this district.[1] The Court is informed by ICE that Freire was most recently detained at HCCF, from which he was released on bond on October 1, 2010.[2]

Because the Petition challenges Freire's physical confinement, the only proper respondent is the warden of HCCF. *See* 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . ."); *Zhen Yi Guo v. Napolitano*, No. 09 Civ. 3023, 2009 WL 2840400, at *3 (S.D.N.Y. Sept. 2, 2009) (applying *Padilla* to alien's challenge to physical confinement prior to deportation). The Court finds that it does not have jurisdiction over the warden of HCCF because HCCF lies outside of the Southern District of New York. *See* 28 U.S.C. § 2241(a); *Padilla*, 542 U.S. at 443, 124 S.Ct. 2711; *Catellanos v. Mukasey*, No. CV–08–2583, 2008 WL 4185700, at *3 (E.D.N.Y. Sept. 8, 2008). Jurisdiction lies only in the district of Freire's confinement—in this case, in the District of New Jersey. *See Zhen Yi Guo*, 2009 WL 2840400, at *5; *Catellanos*, 2008 WL 4185700, at *3. Accordingly, the Petition is dismissed for lack of jurisdiction, without prejudice to refiling in the district of Freire's confinement. *See Excellent v. Ashcroft*, 359 F.Supp.2d 333, 336 (S.D.N.Y. 2005).

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that petitioner Alberto Freire's petition for a writ of habeas corpus (Docket No. 3) is DISMISSED without prejudice.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

---

1. Indeed, it is unclear whether Freire was ever housed at Varick, as the housing of detainees there was suspended prior to April 6, 2010, the date on which Freire filed the Petition.

2. Freire's release on bond did not necessarily moot the Petition. *See Farez–Espinoza v. Napolitano*, No. 08 Civ. 11060, 2009 WL 1118098, at *4–8 (S.D.N.Y. Apr. 27, 2009) (alien's release on bond did not moot habeas petition because the Government retained the authority to revoke the bond "at any time" pursuant to 8 U.S.C. § 1226(b)).