FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO A. LOPEZ-MARROQUIN, AKA Ricardo Lopez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.    18-72922 Agency No. A044-286-222 ORDER |

Before:  CALLAHAN and NGUYEN, Circuit Judges, and KANE,[*] District Judge.

Because district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order, *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011), we construe Lopez-Marroquin's emergency motion to remand pursuant to the All Writs Act as a petition for a writ of habeas corpus, and we transfer it to the Southern District of California.  *See* 28 U.S.C. § 2241(b) (a circuit court may "transfer the application [for a writ of habeas corpus] for hearing and determination to the district court having jurisdiction to entertain it"); *Rumsfeld v.*

---

[*]    The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

*Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). We therefore do not reach Lopez-Marroquin's argument that this court can order his release under the All Writs Act, 28 U.S.C. § 1651.

The Clerk will transfer the motion, opposition, and reply (docket nos. 45, 48, and 49) to the United States District Court for the Southern District of California, and will serve this order on the district court. We urge the district court to address this matter expeditiously.

The panel retains jurisdiction in this case, and Lopez-Marroquin's petition for review remains on the June 3, 2020 Pasadena, California calendar.

CALLAHAN, Circuit Judge, dissenting:

Citing generalized concerns over COVID-19, and ignoring the availability of habeas relief, Ricardo Lopez-Marroquin asks us to order his immediate release from immigration detention under the All Writs Act, 28 U.S.C. § 1651(a). The majority does not reach the issue, but I would hold that the Act does not authorize us to entertain Lopez's request. Indeed, granting it would encourage detainees to exploit the Act in an end-run around our jurisdictional limitations and separation-of-powers principles.

I.

The Immigration and Nationality Act cabins our jurisdiction to final orders of removal. 8 U.S.C. § 1252(a)(1); *Lolong v. Gonzales*, 484 F.3d 1173, 1176 (9th Cir. 2007) (en banc). We are thus barred from considering Lopez's attack on his detention as part of his petition for review.[1] To hold otherwise would disturb "the distinction Congress made in the REAL ID Act between those challenges that must be directed to the court of appeals in a petition for review and those that must be retained in and decided by the district court [in a habeas petition]." *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (quotations, alterations, and citation

---

[1]    *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (9th Cir. 2010) ("[W]e are not convinced that we have authority to sua sponte release [the petitioner] on bail or to order a bond hearing in a petition for review.").

omitted); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.").

The All Writs Act does not give Lopez an opening to skirt these constraints. To the contrary, it only allows federal courts to "issue all writs necessary or appropriate *in aid of* their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). As this language makes clear, the Act confines courts "to issuing process 'in aid of' [their] *existing* statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (emphasis added); *see also Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993) ("An order is not authorized under the Act unless it is designed to preserve jurisdiction that the court has acquired from some other independent source in law."). Hence, I would deny the motion for the simple reason that we lack jurisdiction to entertain it.

## II.

In any event, relief under the All Writs Act is also inappropriate when the moving party has an adequate alternative remedy, *Clinton*, 526 U.S. at 537-38, which Lopez has here. This court has repeatedly stressed that the proper avenue for challenging an alien's detention is through a habeas petition filed under 28 U.S.C. § 2241. *See, e.g.*, *Singh*, 638 F.3d at 1211 (re-iterating the "general rule"

2

that "aliens may continue to bring collateral legal challenges to the Attorney General's detention authority through a petition for habeas corpus" (quotations, alterations, and citation omitted)). Lopez should have pursued—and may still pursue—habeas relief. That he failed to do so does not now entitle him to resort to the All Writs Act in this court.

Lopez argues that he is not limited to seeking relief under 28 U.S.C. § 2241, but he cites no authority for this proposition. That is unsurprising; we have previously held that the All Writs Act does not serve as a substitute for habeas corpus in other contexts. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not."); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (rejecting a petition for a writ of *audita querela* "when that challenge is cognizable under [28 U.S.C. § 2255]"). Lopez further contends that filing a habeas petition would have been "counter-productive," given the pandemic, and a poor use of his counsel's and the court's resources. These explanations are unconvincing, and district courts are, at any rate, better equipped to handle the inherent factual issues raised in Lopez's petition.

### III.

I also have serious concerns over Lopez's attempt to attack the Executive Branch's handling of COVID-19 at Otay Mesa and other detention facilities.

Lopez is a generic detainee, in that he claims neither to have contracted the virus nor to suffer from any underlying health issues placing him at greater risk than anyone else in Government custody. Lopez's motion, then, is really just the camel's nose under the tent. If he's entitled to relief, then who isn't? And what happens after the pandemic subsides? It cannot be that detainees can turn to the All Writs Act every time they disagree with some aspect of their confinement.

The Government, moreover, asserts that it has taken and is taking significant steps to manage the pandemic. Among other things, it states that it has implemented protocols for identifying and isolating cases of the virus and for providing detainees with necessary medical care. Lopez characterizes these efforts as inadequate, but why should we decide—without deference, no less—the level of risk acceptable in detention facilities? Furthermore, why should Lopez be released rather than, say, transferred? We are not epidemiologists and have no expertise managing either pandemics or detention facilities. It should go without saying that the Executive Branch is the more appropriate body to decide these and other such questions. *Cf. Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is . . . a task that has been committed to the responsibility of [the executive and legislative] branches, and separation of powers concerns counsel a policy of judicial restraint."). But Lopez would have us rely on generalized

4

speculation to second-guess the Executive Branch. We should countenance neither this motion nor the flood of similar motions sure to follow.

## IV.

Perhaps sensing that the law cuts against him, Lopez suggests for the first time in his reply brief that this court construe his motion as a habeas petition and transfer it to the district court. The majority grants this request, which, of course, it has the authority to do.[2] *See* 28 U.S.C. § 2241(b). Yet Lopez should have himself pursued habeas relief in the first place rather than burdening this court with meritless arguments advocating for an unprecedented and improper use of the All Writs Act. I therefore dissent.

---

[2]     I agree with the majority that we will retain jurisdiction over Lopez's case.