**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No.23-15361 |
| *Petitioner-Appellee*, | D.C. No. 3:22-cv-03759-JD |
| v. | |
| MERRICK B. GARLAND, Attorney General; ALEJANDRO N. MAYORKAS; TAE JOHNSON, in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement; POLLY KAISER, in her official capacity, Acting Director for the San Francisco ICE Field Office; MOISES BECERRA, | OPINION |
| *Respondents-Appellants*. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted May 16, 2024
San Francisco, California

Filed July 29, 2024

Before:  Kenneth K. Lee and Daniel A. Bress, Circuit
Judges, and Yvette Kane,[*] District Judge.

Opinion by Judge Kane

## SUMMARY[**]

### Habeas/Immigration

The panel reversed the district court's denial of Respondents' motion to dismiss and remanded to the district court with instructions to vacate the grant of the habeas petition filed by John Doe, a detained alien.

Doe brought his habeas petition pursuant to 28 U.S.C. § 2241 in the Northern District of California, contesting his detention at the Golden State Annex ("GSA") and naming as Respondents Attorney General Merrick Garland and other federal officials. After the district court granted Doe's petition, an immigration judge held a bond hearing, and Doe was released from custody.

The panel held that the district court erred in exercising jurisdiction over Doe's habeas petition because Doe failed to name his immediate custodian as respondent and filed the petition outside the district of his confinement. The panel explained that, under *Rumsfeld v. Padilla*, 542 U.S. 426

---

[*] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

(2004), when a § 2241 habeas petitioner challenges his present physical confinement—which the Supreme Court labeled a core challenge—he should name his warden as respondent and file the petition in the district of confinement.

Addressing the principal question of whether *Padilla*'s rules for core habeas petitions applied to Doe, the panel concluded that Doe's petition was a core habeas petition. The panel explained that Doe sought typical habeas relief in asking for his release should Respondents fail to provide him with a bond hearing.

Next, the panel concluded that Doe failed to name the proper respondent to his core habeas petition because he did not name his immediate custodian, the Facility Administrator (and de facto warden) of the GSA. The panel also concluded that Doe failed to file his petition in the proper judicial district because he was confined at the GSA in the Eastern District of California, but filed his petition in the Northern District of California.

**COUNSEL**

Jordan Wells (argued), Lawyers' Committee for Civil Rights of the San Francisco Bay Area, San Francisco, California, for Petitioner-Appellee.

Shiwon Choe (argued) and Savith Iyengar, Assistant United States Attorneys; Michelle Lo, Civil Division Chief; Ismail J. Ramsey, United States Attorney; United States Department of Justice, Office of the United States Attorney, San Francisco, California; Courtney E. Moran and Erin T. Ryan, Trial Attorneys; William C. Peachey, Director; Brian M. Boynton, Principal Deputy Assistant Attorney General; United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondents-Appellants.

Marc Van Der Hout and Johnny Sinodis, Van Der Hout LLP, San Francisco, California; Trina A. Realmuto, Kristin Macleod-Ball, and Aidan Langston, National Immigration Litigation Alliance, Brookline, Massachusetts; for Amici Curiae The National Immigration Litigation Alliance, Florence Immigrant & Refugee Rights Project, Immigrant Legal Defense, and Asian Americans Advancing Justice-Asian Law Caucus.

Michelle (Minju) Y. Cho, and Bree Bernwanger, American Civil Liberties Union Foundation of Northern California, San Francisco, California, for Amici Curiae American Civil Liberties Union of Northern California, American Civil Liberties Union of Southern California, The American Collaborative for Immigrant Justice, and Pangea Legal Services.

## OPINION

KANE, District Judge:

John Doe ("Doe"), an alien detained pursuant to 8 U.S.C. § 1226(c), brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of California. Doe contested his detention at the Golden State Annex ("GSA"), which is located in the Eastern District of California. Doe named Attorney General Merrick Garland, Secretary of the Department of Homeland Security Alejando Mayorkas, then Acting Director for United States Immigration and Customs Enforcement ("ICE") Tae Johnson, and then Acting Director for the San Francisco ICE Field Office Polly Kaiser, as Respondents ("Respondents").[1] The district court denied Respondents' motion to dismiss on jurisdictional grounds and granted Doe's petition. However, because Doe did not name his immediate custodian, the Facility Administrator (and de facto warden) of GSA as the respondent, and because he filed his complaint outside of the judicial district where he was confined, we hold that the district court erroneously exercised jurisdiction over his petition.

We therefore **REVERSE** the district court's denial of Respondents' motion to dismiss and **REMAND** this case to the district court with instructions to **VACATE** the grant of Doe's petition for writ of habeas corpus.

---

[1] During the pendency of this appeal, Moises Becerra was appointed as Field Office Director for the ICE San Francisco Field Office, as successor to Acting Director Polly Kaiser.

## I.   Background

On July 12, 2021, Doe began his detention at GSA pursuant to 8 U.S.C. § 1226(c), which requires that the Attorney General take civil custody of criminal aliens detained pending removal without requiring a showing that the detainees pose a danger to the public or are a flight risk. 8 U.S.C. § 1226(c).  Following a prolonged period during which he did not receive a bond hearing, on June 24, 2022, Doe filed a petition for writ of habeas corpus in the United States District Court for the Northern District of California. He named as Respondents Merrick B. Garland, the Attorney General of the United States; Alejandro Mayorkas, the Secretary of the Department of Homeland Security; Tae Johnson, then Acting Director for United States Immigration and Customs Enforcement; and Polly Kaiser, then Acting Director for the San Francisco ICE Field Office, all in their official capacities.  In his petition, Doe requested "that this Court issue a writ of habeas corpus and order his release within fourteen days unless Respondents schedule a hearing before an immigration judge."  Doe sought a bond hearing, requesting that the district court order Respondents to establish "by clear and convincing evidence" that he presents a flight risk or danger to the public, and, if Respondents could not meet their burden at said hearing, that an immigration judge order his release "on appropriate conditions of supervision, taking into account his ability to pay a bond."

Respondents moved to dismiss Doe's petition, challenging jurisdiction in the Northern District of California.  The district court denied Respondents' motion in a summary order, holding that "[t]he Court has concluded in prior immigration habeas cases that the Northern District of California is an appropriate jurisdiction for petitions filed

by aliens detained by the Director of the San Francisco ICE Field Office." On the merits, the district court granted Doe's petition, ordering the government to release Doe from custody or provide him an individualized bond hearing within thirty-one (31) days of the date of the court's order. In accordance with the district court's order, the government scheduled a bond hearing. At that hearing, the immigration judge issued a decision releasing Doe on $7,500 bond and Doe was released from ICE custody. Respondents appeal to this court the orders of the Northern District of California denying their motion to dismiss and granting Doe's habeas petition.

## II. Standard of Review

This court has jurisdiction over the district court's decision denying Respondents' motion to dismiss and granting Doe's habeas petition pursuant to 28 U.S.C. § 1291. The court reviews jurisdictional questions de novo. *United States v. Jeremiah*, 493 F.3d 1042, 1044 (9th Cir. 2007); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reviewing de novo a district court's finding that it lacked jurisdiction over a habeas petition).

## III. Analysis

### A. Rules Governing § 2241 Petitions

Doe filed his habeas petition in the Northern District of California pursuant to 28 U.S.C. § 2241. The federal habeas statute, § 2241, provides in relevant part that:

> [w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a

circuit judge shall be entered in the records of
the district court of the district wherein the
restraint complained of is had.

28 U.S.C. § 2241(a).

The seminal case interpreting and clarifying the
jurisdictional bounds of § 2241 is the United States Supreme
Court's decision in *Rumsfeld v. Padilla*.   In *Padilla*,
petitioner Jose Padilla was detained by the United States
Department of Defense following President George W.
Bush's determination that Padilla was an "enemy
combatant" who conspired with Al-Qaeda to perpetuate
terror attacks on the United States. *See Rumsfeld v. Padilla*,
542 U.S. 426, 430 (2004).  Padilla was detained by federal
agents at Chicago's O'Hare International Airport and
subsequently transported to New York after agents executed
a material witness warrant issued by the United States
District Court for the Southern District of New York.  *Id.* at
430–31.   He moved to vacate the warrant, but while his
motion was pending, President Bush ordered Secretary of
Defense Rumsfeld to designate Padilla an enemy combatant
and take him into military custody.  *Id.* at 431.  Padilla was
taken into custody by officials of the United States
Department of Defense and transferred to the Consolidated
Naval Brig in Charleston, South Carolina.  *Id.* at 432.  His
counsel then filed a petition for habeas corpus pursuant to 28
U.S.C. § 2241 in the Southern District of New York, naming
as respondents President Bush, Secretary Rumsfeld, and
Commander of the Consolidated Naval Brig Melanie A.
Marr.  *Id.*

In finding that the district court in the Southern District
of New York did not have jurisdiction over Padilla's
petition, the Supreme Court highlighted several important

rules.  First, the Court noted that in the federal habeas statute, 28 U.S.C. § 2242, "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court."  *Id.* at 434–35.  The Court next clarified that when a habeas petitioner challenges "present physical confinement," which the Court labeled a "core challenge[]," "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Id.* at 435.[2]  In addition to delineating the proper respondent for core habeas petitions, the Court also explained that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Id.* at 443.  In short, and putting the rules together, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Id.* at 447.

The *Padilla* district of confinement and immediate custodian rules are firmly entrenched in the law of this and other circuits.  *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020) (applying the district of confinement rule to a § 2241 petition involving a noncitizen's challenge to his immigration detention); *see also Kholyavskiy v. Achim*, 443 F.3d 946, 948–54 (7th Cir. 2006) (applying the immediate

---

[2] When a habeas petitioner "challenges a form of 'custody' other than present physical confinement," the respondent can be "the entity or person who exercises legal control with respect to the challenged 'custody.'"  *Id.* at 438.

custodian rule in rejecting the naming of the ICE Field Office Director as the proper respondent to a habeas petition); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444–45 (3d Cir. 2021) (applying the district of confinement and immediate custodian rules to a core habeas petition challenging immigration detention).[3]

These rules are the basis for Respondents' challenge to jurisdiction in the Northern District of California. Respondents argued below that Doe should have named the warden of GSA, his immediate custodian, as respondent to his habeas petition. Respondents further argued that Doe filed his petition outside of the district where he was confined, thus rendering the Northern District of California's exercise of jurisdiction improper.

The district court denied Respondents' motion, noting in its summary order that "[t]he Court has concluded in prior immigration habeas cases that the Northern District of California is an appropriate jurisdiction for petitions filed by aliens detained by the Director of the San Francisco ICE Field Office." [4]   On appeal, Respondents renew their

---

[3] *Padilla* denotes that compliance with the immediate custodian rule generally requires petitioners to name the warden as a proper respondent. *See Padilla*, 542 U.S. at 435. For ease of reference, we refer only to the immediate custodian rule, not the warden as respondent rule.

[4] The district judge cited two of his prior rulings, *Meneses v. Jennings*, No. 21-cv-07193, 2021 WL 4804293, at *1 (N.D. Cal. Oct. 14, 2021) and *Ahn v. Barr*, No. 20-cv-02604, 2020 WL 2113678, at *2 (N.D. Cal. May 4, 2020), in concluding that jurisdiction was proper in the Northern District of California. Later decisions from other district courts in the Northern District reveal an inconsistent approach to the jurisdictional question raised here. *Compare Doe v. Becerra*, No. 23-cv-04767, 2023 WL 8307557 (N.D. Cal. Dec. 1, 2023) (exercising jurisdiction over a habeas petition from a GSA detainee), *with Rivera-Trigueros v. Becerra*,

argument that under *Padilla*, Doe's failure to name his immediate custodian, the warden of GSA, as respondent to his habeas petition, as well as his failure to file his petition in the district of confinement, renders the district court's exercise of jurisdiction improper. In response, Doe argues that his petition is a non-core habeas petition, but that even if the court finds that Doe's petition is a core habeas petition, he named the proper respondent and filed his petition in the proper judicial district, because there is no statutorily required district of confinement rule.

## B. Doe's Petition is a Core Habeas Petition

In addressing the principal question of whether *Padilla*'s rules for core habeas petitions apply to Doe, we turn first to the language of Doe's habeas petition, which requests:

> that this Court issue a writ of habeas corpus and order his release within fourteen days unless Respondents schedule a hearing before an immigration judge where: (1) to continue detention, the government must establish by clear and convincing evidence that Mr. Doe presents a risk of flight or danger; and (2) if the government cannot meet its burden, the immigration judge orders Mr. Doe's release on appropriate conditions

---

No. 23-cv-05781, 2024 WL 1129880 (N.D. Cal. Mar. 14, 2024) (declining to exercise jurisdiction over a habeas petition from a GSA detainee), *and Alfaro-Ramirez v. Current or Acting Field Off. Dir., San Francisco Field Off.*, No. 24-cv-00817, 2024 WL 1861011 (N.D. Cal. Apr. 29, 2024) (same).

> of supervision, taking into account his ability
> to pay a bond.

From the plain text of Doe's petition, he seeks a writ of habeas corpus and release order from the district court unless Respondents provide him a bond hearing before an immigration judge. Absent his requested bond hearing, Doe's petition requests that the district court "order his release within fourteen days."

Yet, although maintaining that his petition is a proper § 2241 habeas petition, Doe asserts that the relief sought takes his petition outside of *Padilla*'s rules. Doe emphasizes that his petition merely sought a process remedy in the form of an individualized bond hearing. Doe asks the court to infer that, because he requested a bond hearing and made his release from custody a conditional request—contingent on receiving a bond hearing, then it follows that he was not truly petitioning for release from custody and thus his petition should be classified as a non-core habeas challenge. Doe relies on *Pinson v. Carvajal*, in which this court held that "claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and thus do not sound in habeas at all. 69 F.4th 1059, 1071 (9th Cir. 2023). In other words, claims not at the "core of habeas corpus" are more appropriately initiated pursuant to 42 U.S.C. § 1983. *See id.* at 1072; *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that "state prisoners [should] use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody").

Doe's argument is counterintuitive and against the great weight of Supreme Court and Ninth Circuit authority. First, the conditional nature of the requested relief does not drive our analysis. This court has acknowledged that "[i]n modern practice . . . courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry (or resentence) the petitioner." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008). The Supreme Court made a similar point in *Herrera v. Collins*, stating that the "typical relief granted in federal habeas corpus is a conditional order of release." 506 U.S. 390, 403 (1993). Accordingly, Doe seeks "typical habeas relief" in asking for his release should Respondents fail to provide him with an individualized bond hearing. *Id.*

Doe relies primarily on *Pinson* and *Nettles* for the proposition that, because he did not challenge the underlying legal basis for his detention, but rather sought a process remedy in the form of a bond hearing, it follows that his petition falls within the "core of habeas" as defined in *Pinson* but pursues non-core habeas relief as discussed in *Padilla*. We are unpersuaded that either of those cases support such a conclusion.

*Nettles* and *Pinson* addressed the different question of whether claims were cognizable in habeas at all. In *Nettles*, an inmate pursued habeas relief following disciplinary segregation and the loss of good time credit. *See Nettles*, 830 F.3d at 926. The petitioner sought to expunge a rules violation report and restore the good time credit, and this court accordingly found that his claims "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 927, 934–

35. Accordingly, the court determined that the petitioner's claim was not cognizable in habeas. *See id.* at 935.

*Pinson* solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement. In *Pinson*, two inmates sought habeas relief, arguing that the conditions of their incarceration during the COVID-19 pandemic violated the Eighth Amendment. *Pinson*, 69 F.4th at 1062. This court rejected claimant Sands's argument that only habeas relief could ameliorate the harm inflicted on him by the government's ongoing failure to sufficiently treat his underlying illnesses and protect him from exposure to the coronavirus. *Id.* at 1063, 1065–66, 1075. In so doing, this court affirmed the district court's dismissal of claimant Sands's habeas petition for lack of jurisdiction, delineating that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072, 1076. In dismissing the petition, this court concluded that claimant Sands appeared to challenge only the conditions of his confinement and not the underlying legal basis for that confinement, and therefore his claim was "outside the core of habeas." *Id.* at 1073. *Pinson* thus did the opposite of what Doe asks for here: it dismissed his petition altogether. *Id.* at 1076.

Neither *Pinson* nor *Nettles* suggest that Doe's petition is a non-core habeas petition under *Padilla*. To the contrary, the text of Doe's petition indicates that his petition pursues habeas relief and is an attack on his present physical confinement at GSA, not a future restraint on his freedom. Accordingly, Doe's petition falls within *Pinson*'s "core of habeas" (as a cognizable habeas petition) and is also a core habeas petition under *Padilla* (as challenging his present

physical confinement).  We next examine whether Doe named the proper respondent to his core habeas petition, as well as whether he filed his petition in the proper judicial district.

## C. The District Court Erred in Exercising Jurisdiction Over Doe's Petition.

### 1. Doe Failed to Name His Immediate Custodian, the Facility Administrator and De Facto Warden of GSA, as Respondent.

Upon initiating his core habeas petition in the Northern District of California, Doe failed to name the Facility Administrator of GSA as Respondent.  For the reasons that follow, Doe's failure to name the Facility Administrator renders the district court's exercise of jurisdiction erroneous.

"[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous."  *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004).  Section 2241 of Title 28 of the United States Code is followed by the implementing provision, Section 2242.  Section 2242 states that habeas petitions "shall allege the facts concerning the applicant's commitment or detention, the name of *the* person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242 (emphasis added).  The plain text of the federal habeas implementation provision delineates that petitions must include the name of "the" person maintaining custody over the petitioner, *id.*, implying that there is typically only one proper respondent to a habeas petition.  *See Padilla*, 542 U.S. at 434 (stating that "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition").  Section 2243, which governs issuance of the writ, states that

"[t]he writ, or order to show cause shall be directed to *the* person having custody of the person detained."  28 U.S.C. § 2243 (emphasis added).  Not unlike 28 U.S.C. § 2242, Congress chose to use a definite article, "the," to make clear that only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent to a core habeas challenge.  *See Padilla*, 542 U.S. at 434–35; *see also United States v. Lopez*, 4 F.4th 706, 721 (9th Cir. 2021) (stating that "definite articles like 'the' restrict the noun that follows as particularized in scope or previously specified by context").  Accordingly, *Padilla* explained definitively who that one proper respondent is: "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *See Padilla*, 542 U.S. at 435.

Footnote eight in *Padilla* does not affect the application of the immediate custodian rule for core habeas petitions filed by immigrant detainees.  Doe argues that footnote eight hints that the immediate custodian rule may not apply to alien detainees because the Court left open the question of "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation."  Footnote eight cites six cases addressing the question of the proper respondent to an immigrant's habeas petition.  Those cases, decided prior to the 2005 enactment of the REAL ID Act, were analyzed under a statutory scheme that allowed orders of removal to be challenged through habeas petitions.  *See Singh v. Gonzales*, 499 F.3d 969, 971 (9th Cir. 2007).  All but one held that the Attorney General was not a proper respondent.  *See Padilla*, 542 U.S. at 435

n.8.[5] *Armentero v. Immigration and Naturalization Services*—the only case holding that the Attorney General was a proper respondent—was subsequently withdrawn. *See Armentero v. I.N.S.*, 340 F.3d 1058 (9th Cir. 2003*)*, *reh'g granted*, *opinion withdrawn*, 382 F.3d 1153 (9th Cir. 2004*)*, *opinion after grant of reh'g*, 412 F.3d 1088 (9th Cir. 2005). Other than *Armentero*, the cases cited in footnote eight "were challenges to removal/deportation orders and not to present physical confinement." *Armentero*, 412 F.3d at 1098 n.17 (Berzon, J., dissenting). Footnote eight at most suggests that when an alien's habeas petition does not present a core habeas challenge under *Padilla*, the Attorney General may be a proper respondent. *Cf. Padilla*, 542 U.S. at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.").

Doe's alternative argument is equally without support. Doe asserts that in naming the officials that he did, namely the Field Office Director of ICE, he has functionally named his immediate custodian because the Field Office Director retains the ultimate supervisory authority over detainees at the GSA. But for core habeas petitions, *Padilla* expressly "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." 542 U.S. at 440; *see also id.* at 440 n.13 ("[T]he proper respondent is the person responsible for

---

[5] To be precise, the United States Court of Appeals for the Second Circuit did not hold that the Attorney General was not a proper respondent, but instead "reserved judgment" on the issue. *See Padilla*, 542 U.S. at 435 n.8 (citing *Henderson v. I.N.S.*, 157 F.3d 106 (2d Cir. 1998)).

maintaining—not authorizing—the custody of the prisoner.").

Doe further asserts that "where the custodian boards their prisoners at a contract facility, the proper respondent to a habeas petition challenging such detention is the custodian imposing the detention, not the custodian's mere agent in carrying it out." Doe cites *Fest v. Bartee* and *Dunne v. Henman*, two pre-*Padilla* opinions by this court, in arguing that the private contract warden is not Doe's immediate custodian and that Doe named his true immediate custodian, the ICE Field Office Director, as respondent.

*Fest* and *Dunne* are inapposite for several reasons. As an initial matter, both cases were decided years before the Supreme Court's decision in *Rumsfeld v. Padilla*. To the extent that *Fest* and *Dunne* conflict with *Padilla*, *Padilla* controls. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (holding that "where the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority").

Moreover, neither *Fest* nor *Dunne* direct us to reject the rules governing § 2241 petitions set forth by the Supreme Court in *Padilla*. This court's analysis in *Fest* addressed the operation of the agency provision of the Interstate Corrections Compact, a factual predicate unrelated to the present case. *See Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986*)*. Doe extrapolates from the agency analysis in *Fest* and suggests that officials employed by The GEO Group ("GEO"), who operate GSA, are mere agents of ICE and unsuited to defend the government's interests in keeping Doe detained. This argument fails. Even in cases where

private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained. *See* 28 U.S.C. § 517 (providing that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . . ."); *see also Smith v. Idaho*, 392 F.3d 350, 356 (9th Cir. 2004) (noting that "the custodian is the state's agent" and must be "named as a respondent"); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (holding that the proper respondent to the habeas petition was the private contract warden of the Ohio facility where petitioner was then detained); *Freire v. Terry*, 756 F. Supp. 2d 585, 585 (S.D.N.Y. 2010) (providing an example when the United States Attorney's office stepped in to defend a § 2241 petition on behalf of a private contract warden).

*Dunne* is equally unavailing because the petitioner filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition under *Padilla*. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). In short, neither *Fest* nor *Dunne* provide the court with a reason to disregard *Padilla*'s rule and to instead examine a petitioner's "true" or "functional" custodian. Under *Padilla*, Doe must name his immediate custodian, the Facility Administrator of GSA, as the respondent to his petition.

Finally, Doe relies on *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), a Sixth Circuit case cited in *Padilla* footnote eight, to support his position that the Field Office Director of ICE could properly be named as respondent. In *Roman*, the Sixth Circuit held that "a detained alien filing a habeas

corpus petition should generally name as a respondent the person exercising daily control over his affairs" and that the INS District Director could be a proper respondent, because that official "has power over" the alien habeas petitioner. 340 F.3d at 320. However, under an earlier, pre-REAL ID Act statutory scheme, the petitioner in *Roman* challenged a removal order by an immigration judge, as well as the immigration judge's finding that he was statutorily ineligible for discretionary relief pursuant to § 212(h) of the Immigration and Nationality Act. *Id.* at 316. Accordingly, because it did not attack his present physical confinement, the petitioner's habeas challenge was non-core. *Roman* has no bearing here, where Doe's petition challenges his present physical confinement.

Doe's practical arguments fare no better. His suggestion that the warden of GSA could not produce Doe before a judicial tribunal finds no support in the record. Moreover, this circuit and others have held that state and private contract wardens retain the ability to produce habeas petitioners in courts of law. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (holding that the warden of a California state prison was the proper respondent to federal habeas petition); *see also Anariba*, 17 F.4th at 445–46 (requiring an ICE detainee to "adhere to the immediate custodian rule" in filing his habeas petition); *Kholyavskiy*, 443 F.3d at 953 (holding that petitioner's decision to name the Chicago ICE Field Office Director and not the state prison warden as respondent to his habeas petition was a jurisdictional defect); *Stokes*, 374 F.3d at 1239 (private contract warden was proper respondent). Doe points to no appellate authority requiring that the respondent to a federal habeas petition be a federal official, and we find none.

*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition. *Padilla*, 542 U.S. at 435.  Doe did not adhere to this requirement in failing to name the Facility Administrator, who was the de facto warden of GSA, in his petition. Accordingly, the district court erred in exercising jurisdiction over Doe's petition.

### 2. Doe filed his petition outside of the district of confinement.

The district court's exercise of jurisdiction was also improper because Doe was confined in the Eastern District of California, not the Northern District of California, where his petition was filed.

The plain language of § 2241 authorizes judges to grant habeas relief "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The implementation provision of the federal habeas statute also specifies, as a default rule, that there is only one proper judicial district for a habeas petition. Section 2242 states that "[i]f addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the *district in which the applicant is held*."  28 U.S.C. § 2242 (emphasis added).  This provision suggests that the only federal court that can properly entertain a habeas petition is one located in the "district in which the applicant is held," in other words, the district of confinement.  *Id.*  Discussing these provisions, *Padilla* states that:

> Congress has also legislated against the
> background of the "district of confinement"

rule by fashioning explicit exceptions to the
rule in certain circumstances. For instance,
§ 2241(d) provides that when a petitioner is
serving a state criminal sentence in a State
that contains more than one federal district,
he may file a habeas petition not only "in the
district court for the district wherein he is in
custody," but also "in the district court for the
district within which the State court was held
which convicted and sentenced him"; and
"each of such district courts shall have
concurrent jurisdiction to entertain the
application." Similarly, until Congress
directed federal criminal prisoners to file
certain postconviction petitions in the
sentencing courts by adding § 2255 to the
habeas statute, federal prisoners could litigate
such collateral attacks only in the district of
confinement. Both of these provisions would
have been unnecessary if . . . § 2241's general
habeas provisions permit a prisoner to file
outside the district of confinement.

*Padilla*, 542 U.S. at 443 (cleaned up). All told, "[t]he plain
language of the habeas statute thus confirms the general rule
that for core habeas petitions challenging present physical
confinement, jurisdiction lies in only one district: the district
of confinement." *Id.* And this court in *Lopez-Marroquin v.
Barr* affirmed the application of the district of confinement
rule to a § 2241 petition filed by an immigrant detainee,
ordering the transfer of his petition to the district where the
petitioner was confined. 955 F.3d at 759–60.

In arguing that the Northern District of California could exercise jurisdiction over his habeas petition, Doe primarily relies on the Supreme Court's decision in *Rasul v. Bush*. In *Rasul*, the Supreme Court cited *Braden v. 30th Judicial Circuit Court of Kentucky*, for the premise that in interpreting the "within their respective jurisdictions" language of 28 U.S.C. § 2241(a):

> this Court held . . . that the prisoner's presence within the territorial jurisdiction of the district court is not 'an invariable prerequisite' to the exercise of district court jurisdiction under the federal habeas statute. Rather, because 'the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody,' a district court acts 'within [its] respective jurisdiction' within the meaning of § 2241 as long as the custodian can be reached by service of process.

*Rasul v. Bush*, 542 U.S. 466, 478–79 (2004) (citing *Braden*, 410 U.S. 484, 494–95 (1973)). It follows, according to Doe, that the Field Office Director is Doe's custodian, the Field Office Director operates out of the Northern District of California, and thus the district court properly exercised jurisdiction since the Field Office Director can be reached by service of process in the Northern District of California.

*Rasul* does not alter the general rule that core habeas petitions must be filed in the district of confinement. *Rasul* addressed "whether the habeas statute confers a right to judicial review of the legality of executive detention of

aliens in a territory over which the United States exercises plenary and exclusive jurisdiction, but not 'ultimate sovereignty.'" *Rasul*, 542 U.S. at 475. In other words, *Rasul* presented an issue wholly different from *Padilla* and the instant case—examining the unique circumstances of detainees at Guantanamo Naval Base, for which there is no judicial district. *See Gherebi v. Bush*, 374 F.3d 727, 739 (9th Cir. 2004) (discussing how *Rasul* applied an exception to the immediate custodian and district of confinement rules in the case of detainees at Guantanamo Bay). Accordingly, *Rasul* does not help Doe.

Doe's remaining arguments emphasize the prudential concerns associated with forcing GSA detainees to file habeas petitions in the Eastern District of California. Doe highlights the high caseloads and understaffing issues in that district, which he suggests will inevitably lead to delays in habeas petitioners obtaining judicial review or a possible remedy. But here, 28 U.S.C. § 2241 and the related statutory provisions governing habeas petitions set the jurisdictional rules. Of course, there are prudential concerns with Doe's position as well, such as the possibility of forum shopping and the uncertainty created by multiple possible jurisdictions where a § 2241 petition could be filed. But even crediting Doe's concerns for docket delay and congestion, it is the job of Congress, not this court, to address those concerns through appropriate legislation. *See Vasquez v. Reno*, 233 F.3d 688, 694 (1st Cir. 2000) ("If Congress apprehends that an overcrowding of the dockets of certain district courts threatens to interfere with the rights of habeas petitioners, it has demonstrated an ability to rectify that condition through legislation."). Because "[f]ederal judges undertake to apply the law as it is written," *Salisbury v. City of Santa Monica*, 998 F.3d 852, 859 (9th Cir. 2021), we therefore find that the

district court erred in exercising jurisdiction over Doe's petition due to his failure to file in the district of confinement.

## IV. CONCLUSION

Today we affirm the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees.  The district court erred in exercising jurisdiction over Doe's core habeas petition because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement.  We thus **REVERSE** the district court's denial of Respondents' motion to dismiss and grant of Doe's petition and **REMAND** this case to the district court with instructions to **VACATE** the grant of Doe's petition for writ of habeas corpus.[6]

---

[6] Pending before the court are two motions: Doe's motion for judicial notice, **Dkt. 19**, and Doe's motion to file a supplemental brief, which included the proposed brief.  **Dkt. 46**.  We deny both of those motions but note that consideration of the additional materials that are the subject of these motions would not change the outcome of this case.